## CRNKOVICH, ESTATE OF, In Re

Ohio Appeals, 8th Dist, Cuyahoga Co.

No. 17710. Decided Dec. 2, 1940.

Cerrezin & Wilson, Cleveland, for plaintiff-appellee.

J J. Wodisky, Cleveland, for defendant-appellant.

## OPINION

TERRELL, PJ. and LEIGHLEY, J., concur in the following entry of reversal:

The judgment of the Common Pleas Court is reversed and the judgment cf the Probate Court is hereby affirmed for the reason that an order of the Probate Court, overruling a motion to vacate an order approving a final account is not appealable. To regard such motion as exceptions to the account, when to do so results, in fact, in a great injustice, amounts to an abuse of discretion in this case.

MORGAN, J., dissents.

MORGAN, J., (Dissenting):

Joseph Crnkovich, a resident of Cleveland. Ohio, died on September 18, 1936. By his last will executed on August 1, 1936, he devised and bequeathed all of his estate "to my brother, Franko Crnkovitch of Ludbeg, Yugoslavia."

Stephie Samosky of Cleveland, Ohio, was named executrix of the will, and appraisers of the estate were duly appointed. The appraisers filed their inventory and appraisal showing the value of the estate to be $880.92, consisting almost entirely of a deposit in The Cleveland Trust Company and cne in the Custodian Savings & Loan Company. The appraisers reported that the decedent left a widow, Stefaniga Crnkovich, and one minor child, residing in Ludbeg, Yugoslavia, to whom was set aside $100.00 as widow's allowance and $500.00 to be exempt from administration.

A notice that appraisers had been appointed and that the appraisal would be held on March 15, 1937, was mailed to the widow, Stefaniga Crnkovich, by registered mail by J. J. Wodisky, attorney for the Executrix, on March 1, 1937. The return receipt was in due time received by Mr. Wodisky, signed by the widow, proving that she had received the notice.

A final account was filed by the executrix on December 30, 1937. This account shows a payment of $254.79, balance of the estate after payment of expenses and attorney fees, to Franko Crnkovich, and the executrix filed a receipt signed by two persons "for account of Franko Crnkovich of Sveti Gyargj, Yugoslavia."

Franko Crnkovich is the minor son of Joseph Crnkovich, deceased. It is conceded that no ·,such person as "Franko Crnkovich, a brother" is in existence. It is therefore likely that the legatee under the will was really the minor son of the deceased who in the will was mistakenly referred to as a brother.

The final account shows no payment to the widow and it is conceded that she received no part of her widow's allowance of $100.00 or of the $500.00 exempt from the administration. The final account was approved on April 5, 1938.

On May 3, 1938, Stefaniga Crnkovich, the widow, by her attorneys, filed in the Probate Court, an instrument with memorandum attached. This document was entitled "Motion to vacate approval of executrix' final account." The widow prayed "for an order vacating its entry of April 5, 1938, approving the final account filed by the executrix of the above estate and for an order allowing said Stefaniga Crnkovich to file exceptions to said account for the reason that said executrix has not complied with the statutory law of Ohio, in giving said Stefaniga Crnkovich, as the widow of Joseph Crnkovich, deceased, notice citing said Stefaniga Crnkovich to make election as to whether or not she will take under the will as provided by law, nor has said executrix granted said widow her year's allowance and statutory exemption as provided by law, as more fully set forth in the attached memorandum."

The memorandum referred to, sets forth in detail the appointment of appraisers, their action in setting aside for the widow $500.00 in addition to $100.00 widow's allowance; that "this money was never paid to the widow, nor to her minor son. On the contrary, the widow was never cited to make her election nor given statutory notice as required by §10504-23 GC, requiring that notice of the probating of the will be given by

registered mail to the widow, who in this instance was not a resident of Ohio, but a citizen and resident of Yugoslavia."

There was a hearing on the matter in the Probate Court at which was filed the widow's election not to take under the will and proof that she was in fact the widow of the decedent. The instrument filed by the widow's attorneys on May 3, 1938, was marked "Overruled" by the Court.

The executrix, through her attorney, contends that this action of the Probate Court was justified because no statute after the filing and approval of the final account of an executrix, permits the filing by the widow of a motion to vacate such approval.

By error proceedings the action of the Probate Court was appealed to the Common Pleas Court, which Court, after a hearing, reversed the Probate Court and by its Journal Entry found that the motion of Stefangia Crnkovich filed May 3, 1938, "in substance to be in truth exceptions to the final account and which were filed within the time provided by law."

It is not denied that if the instrument filed by the widow's attorney on May 3, 1938, can be considered as exceptions to the final account it was filed in time.

**Sec. 10506 GC,** provides:

"The determination of the Probate Court on the settlement of an account * * * shall be final as to all persons having notice of the hearing except, (2) * * * (b); When an account is settled in the absence of a person adversely interested and without actual notice to him, it may be opened on his filing exceptions to the account within eight months after such settlement."

An examination of the instrument called "Motion to vacate approval of executrix' final account" shows that it was filed to "enable the widow to file exceptions to said account" The facts contained in the "motion" are all the facts necessary to be set forth in exceptions to the account. The court would be looking to the form and not to the substance to treat the "motion" in any other way.

It involves no injustice to anyone to require the Probate Court to hear and to pass on the exceptions to the final account in this case.

The executrix claims that there was unreasonable delay in filing the widow's election and that her attorney was led to believe by the attorney for the widow either that the decedent left no widow or that her rights in the estate would not be pressed.

If there is any substance to this claim the Probate Court can take care of it in any order it will make after hearing the exceptions.

While under the statute it may have been possible for the Common Pleas Court in this case to have heard the exceptions and entered final judgment, I do not think that this was necessary but rather that it was within his discretion to make the entry that he did make in this case, namely, that "the exceptions to the final account be remanded for further proceedings thereon as provided by law, upon the merits."

It is my opinion, therefore, that this judgment should be affirmed.